**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

NATURAL RESOURCES DEFENSE
COUNCIL, INC.; THE INTERNATIONAL
FUND FOR ANIMAL WELFARE;
CETACEAN SOCIETY INTERNATIONAL;
LEAGUE FOR COASTAL PROTECTION;
OCEAN FUTURES SOCIETY; JEAN-
MICHEL COUSTEAU,
                    *Plaintiffs-Appellees,*

v.

DONALD C. WINTER, Secretary of
the Navy; UNITED STATES
DEPARTMENT OF THE NAVY; CARLOS
M. GUTIERREZ, Secretary of the
Department of Commerce;
NATIONAL MARINE FISHERIES
SERVICES; WILLIAM HOGARTH,
Assistant Administrator for
Fisheries of the National
Oceanographic and Atmospheric
Administration; CONRAD C
LAUTENBACHER, JR., Administrator
of the National Oceanographic and
Atmospheric Administration,
                    *Defendants-Appellants.*

No. 07-56157

D.C. No.
CV-07-00335-
FMC/FMO
Central District
of California,
Santa Ana

ORDER

Filed November 13, 2007

Before: Betty B. Fletcher, Dorothy W. Nelson, and
Stephen Reinhardt, Circuit Judges.

15035

## ORDER

This appeal concerns the Navy's use of mid-frequency active sonar in fourteen training exercises off the coast of Southern California. The Navy completed three of these exercises in February and March of this year. On August 7, 2007, the district court entered a preliminary injunction prohibiting the Navy from using mid-frequency active sonar during the course of the eleven remaining exercises. On August 31, 2007, a motions panel of this court granted the Navy's motion to stay the preliminary injunction pending appeal. At oral argument held before this court on November 8, 2007, the Navy reported that since the stay was entered it has conducted one more exercise, and that an exercise currently underway would be completed by November 22, 2007. The Navy plans to conduct its next exercise in January 2008.

Plaintiffs have met the necessary burden of proof to demonstrate that some form of preliminary injunctive relief is appropriate. Specifically, Plaintiffs have shown a strong likelihood of success on the merits of their claims under the National Environmental Policy Act (NEPA), 42 U.S.C. § 4321 et seq., and the Coastal Zone Management Act (CZMA), 16 U.S.C. § 1451 et seq., as well as the possibility of irreparable injury if relief is not granted. Plaintiffs have also shown that the balance of hardships tips in their favor if a properly tailored injunction is issued providing that the Navy's operations may proceed if conducted under circumstances that provide satisfactory safeguards for the protection of the environment. Moreover, the public interest would be advanced by an injunction that required adequate mitigation measures.

We agree with the motions panel that the "[t]he district court did not explain why a broad, absolute injunction against the use of the medium frequency active sonar in these complex training exercises for two years was necessary to avoid irreparable harm to the environment." *NRDC v. Winter*, ___

F.3d ___, 2007 WL 2481465, at *3 (9th Cir. Aug. 31, 2007). Injunctive relief must be tailored to remedy the specific harm alleged, and an overbroad preliminary injunction is an abuse of discretion. *Lamb-Weston, Inc. v. McCain Foods, Ltd.*, 941 F.2d 970, 974 (9th Cir. 1991).

The motions panel was faced, however, with the all-or-nothing choice of staying the district court's blanket injunction pending our determination of this appeal, or denying the request for a stay entirely. The panel noted that "[w]e do not suggest whether an injunction allowing the exercises but subjecting them to mitigation measures might lead to a different result, because no such injunction is before us." *NRDC*, 2007 WL 2481465, at *4. Now that this matter has come to this court on its merits, we are able to consider whether remanding for a more tailored injunction would be an appropriate remedy.

Having heard arguments on that question and having considered the effect that narrowly tailored mitigation conditions might have on the parties' interests, we conclude that such an injunction would be appropriate. In light of the Navy's past use of additional mitigation measures to reduce the harmful effects of its active sonar during its 2006 exercises in the Pacific Rim, and of the district court's longstanding involvement with this matter and its familiarity with the effectiveness and practicability of available mitigation measures, we vacate the stay and remand this matter to the district court to narrow its injunction so as to provide mitigation conditions under which the Navy may conduct its training exercises. The district court shall determine the appropriateness of whatever conditions may be suggested by either party, or may advance such conditions on its own.

So as to allow the Navy to complete the exercise that is currently in progress, the stay shall remain in effect until the end of the current exercise, or ten days from the date of this order, whichever is earlier. Once the stay is lifted, the preliminary

injunction entered by the district court on August 7, 2007, shall take effect. The district court shall then conduct whatever hearings it deems reasonable or necessary, and enter an appropriate preliminary injunction by January 4, 2008, the earliest approximate date at which the Navy plans its next exercise. If the district court fails to modify the preliminary injunction so as to include mitigation measures by January 4, 2008, the Navy may make a motion before this panel for reinstatement of the stay order. This panel shall retain jurisdiction over any further motions, requests for relief, or appeals in this matter. An opinion will follow.

The stay is VACATED as of the time provided above, and the matter is REMANDED for the district court to enter a modified preliminary injunction containing appropriate mitigating conditions.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2007 Thomson/West.